IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANESSA OLIVIA HARRISON, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-18-729 |
| NMS HEALTHCARE—HYATTSVILLE, *et al.*, | * | |
| | * | |
| Defendants | | |

\*\*\*

**<u>ORDER</u>**

**Background**

Plaintiff Vanessa Olivia Harrison filed the above-captioned action on March 12, 2018. The Complaint alleged that Defendant NMS Healthcare's treatment of non-party Ernestine Harrison violated the Americans with Disabilities Act and the Federal Nursing Home Reform Act. ECF No. 1 at 6. The Court issued an order explaining that Plaintiff Vanessa Harrison lacked standing under the Complaint as pled. ECF No. 3. Accordingly, the Court granted her 30 days to file an Amendment Complaint by either adding Ernestine Harrison as a Plaintiff or by alleging that she, Plaintiff Vanessa Harrison, had personally suffered an injury. *Id.*

Plaintiff has timely filed an Amended Complaint in which she alleges she suffered personal injury because NMS Healthcare defamed her, causing her to suffer "extremely high levels of stress" and accompanying physical effects, such as rashes, swelling of hands, hair loss, and weight loss. ECF No. 4. This allegation constitutes, at most, a claim of tortious misconduct, which is a state law claim. Aside from noting that NMS Healthcare did not complete her paperwork under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Plaintiff does not mention any federal law relevant to her claim, and appears to abandon

any claim initially raised in reference to Ernestine Harrison.

## Standard of Review

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint , a plaintiff's allegations are assumed to be true. *Id*. at 93, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff is neither a prisoner nor is she proceeding in forma pauperis; thus, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006) permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996). This Court, however, has the inherent authority to dismiss complaints that fail to state a claim even when the filing fee has been paid. *See, e.g.*, *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000). Additionally, where this Court lacks subject matter jurisdiction over a claim, dismissal prior to service is permissible. *See*

*Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342–43 (9th Cir. 1981); *see also Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).

**Analysis**

Although the Amended Complaint presents facts sufficient to allege standing, it presents a new problem: this Court lacks subject matter jurisdiction over the action. A district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006). There is no presumption that jurisdiction is vested in the court, *see Pinkley, Inc. v. City of Frederick*, 191 F.3d 394. 399 (4th Cir. 1999), and the burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

There are two bases for federal subject matter jurisdiction. First, a federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," which is commonly referred to a federal question jurisdiction. *See* 28 U.S.C. § 1331. As noted above, the Amended Complaint's sole mention of federal law is the FMLA, which Plaintiff references in the context of the medical provider's failure to complete her FMLA paperwork, presumably to aid Plaintiff in receiving the benefits of the FMLA from her employer. ECF No. 4 at 2. However, the FMLA only creates a private right of action against

employers who interfere with or retaliate against employees in particular circumstances; the FMLA does not provide a cause of action against medical professionals who fail to complete patient or caregiver paperwork so that employees may avail themselves of the FMLA's protections at work.  *See* 29 U.S.C. § 2615 (defining the actions that are prohibited under the FMLA); *Waag v. Sotera Defense Solutions, Inc.*, 857 F.3d 179, 186 (4th Cir. 2017) (same). Thus, Plaintiff has failed to establish federal question jurisdiction.

The second basis for federal subject matter jurisdiction is known as diversity jurisdiction. Under 28 U.S.C. §1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."  *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011).  The Amended Complaint, which concerns defamation and other tortious misconduct which arise under state law, could in some circumstances proceed in federal court.  However, such circumstances do not exist here, because Plaintiff and Defendants are all Maryland residents, thus defeating diversity jurisdiction.

Plaintiff has failed to show that the federal Court has jurisdiction over this action, and the Complaint shall be dismissed without prejudice.

Accordingly, it is this 30th day of March, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED without prejudice;
2. The Clerk SHALL PROVIDE  a copy of this Order to Plaintiff; and

3. The Clerk SHALL CLOSE this case.

                                                      /s/_____
                                               RICHARD D. BENNETT
                                       UNITED STATES DISTRICT JUDGE